# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RALPH REVIELLO**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**GEISINGER HEALTH**,<br><br>    Defendant. | **CASE NO:** |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453(b), and the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), Defendant Geisinger Health ("Geisinger") removes this action from the Court of Common Pleas of Montour County, Pennsylvania, where it is pending as Case No. 2024-00200, to the United States District Court for the Middle District of Pennsylvania. As set forth more fully below, the case is properly removed to this Court because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), the amount placed in controversy by the putative class members' claims exceeds $5,000,000, exclusive of interests and costs, and minimal diversity exists. In support of removal, Geisinger states as follows:

## PLEADING REQUIREMENTS FOR REMOVAL

1. The United States Supreme Court has held a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citing 28 U.S.C. § 1446(a)). The Court further held that this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.*

## JURISDICTIONAL STATEMENT

2. Geisinger is a Pennsylvania non-profit corporation with its principal place of business in Danville, Pennsylvania.

3. Plaintiff Ralph Reviello ("Plaintiff") commenced this action on July 3, 2024 by filing a putative class action complaint ("Complaint" or "Compl.") in the Court of Common Pleas of Montour County, Case No. 2024-00200 ("State Court Action").

4. Plaintiff purports to have served Geisinger on July 19, 2024. True and correct copies of any process, pleadings, and orders that Plaintiff served on Geisinger or have otherwise been filed in the State Court Action are attached as Exhibit 1.

5. The Complaint asserts eight counts against Geisinger, each of which arises out of an alleged November 2023 data security incident (the "Data Security

Incident") involving a former employee of non-party Nuance Communications, Inc. ("Nuance"):

- Negligence (Count I);

- Breach of Contract (Count II);

- Breach of Implied Contract (Count III);

- Breach of Fiduciary Duty (Count IV);

- Breach of Confidences (Count V);

- Unjust Enrichment (Count VI);

- Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count VII); and

- Declaratory Relief (Count VIII).

Compl. ¶¶ 2, 48, 154–257.

6. Plaintiff alleges that he is a resident and citizen of Pennsylvania. The putative class includes "[a]ll persons" and "[a]ll patients of Defendant whose Private Information was compromise as a result" of the Data Security Incident and "to whom it provided notice in or around June 2024." *Id.* ¶ 139. Notice of the Data Security Incident was provided to residents of states other than Pennsylvania, and therefore these putative classes include citizens of states different from Geisinger.

7. On July 31, 2024, Chief Judge Brann issued an Order consolidating nine actions then pending in this Court against Geisinger and Nuance (the

3

"Consolidated Federal Actions"). *See* Order, *In re Geisinger Health Data Security Incident Litigation*, No. 4:24-cv-01071-MWB (M.D. Pa. July 31, 2024), ECF No. 18. The Consolidated Federal Actions, like the State Court Action, assert claims against Geisinger to recover damages arising from the alleged Data Security Incident on behalf of the same allegedly impacted individuals.

8.  This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(d). The matter in controversy exceeds $5,000,000, exclusive of interest and costs, because Plaintiff alleges that the "number of class members are believed to be around 168,921 people" (Compl. ¶ 142) and he seeks damages of $100 per class member under Count VII (Compl. ¶ 249)—i.e., damages of $16,892,100.[1] Minimal diversity exists because the putative class includes individuals who are citizens States other than Pennsylvania, which is where Geisinger is a citizen.

## PROCEDURAL STATEMENT

9.  This action is properly removed pursuant to 28 U.S.C. §§ 1441, 1446, and 1453(b).

---

[1] Geisinger expressly denies Plaintiff's allegations and requests for relief, expressly denies that any class is certifiable in the State Court Action, and expressly denies that either Plaintiff or any putative class member may recover statutory damages under the UTPCPL or otherwise.

10. Pursuant to 28 U.S.C. § 1441(a), removal to the U.S. District Court for the Middle District of Pennsylvania is proper because it embraces the Court of Common Pleas of Montour County, Pennsylvania, where the State Court Action was pending before removal. *See* 28 U.S.C. § 118(b).

11. Pursuant to 28 U.S.C. § 1441(b)(2), Geisinger may remove this action without regard to citizenship (i.e. without regard to the forum defendant rule) because this Court's jurisdiction is not based "solely on . . . jurisdiction under section 1332(a)"; rather, jurisdiction is based on 28 U.S.C. § 1332(d) and is specifically exempted from the forum defendant rule by 28 U.S.C. § 1453(b).

12. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders that Plaintiff purportedly served on Geisinger as of the date of this Notice of Removal are attached as Exhibit 1.

13. Plaintiff purports to have served Geisinger with a copy of the Complaint on July 19, 2024. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of when Plaintiff served Geisinger with the "initial pleading setting forth the claim for relief upon which such action or proceeding is based."

14. Pursuant to 28 U.S.C. § 1446(d), Geisinger will promptly file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Montour County, and will give Plaintiff written notice of its filing.

15. By removing this action to this Court, Geisinger does not waive and expressly reserves any and all defenses, objections, and rights available to it under state or federal law, including all rights to contest this Court's jurisdiction over Geisinger, whether by a motion pursuant to the Federal Rules of Civil Procedure or otherwise.

## CONCLUSION

WHEREFORE, Defendant Geisinger Health respectfully provides notice that this action, previously pending in the Court of Common Pleas of Montour County, Pennsylvania, is hereby properly removed pursuant to 28 U.S.C. §§ 1441, 1446, 1332(d), 1453(b), and CAFA, and may proceed as if this case had been originally initiated in the United States District Court for the Middle District of Pennsylvania.

Dated: August 16, 2024                COZEN O'CONNOR

By: /s/ Max E. Kaplan
Max E. Kaplan (Pa. I.D. 323140)
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel:  (215) 665.2000
mkaplan@cozen.com

*Attorneys for Defendant Geisinger Health*

## **CERTIFICATE OF SERVICE**

I, Max E. Kaplan, hereby certify that on August 16, 2024 I caused to be filed the foregoing document with the Clerk of Court using the Court's CM/ECF system. I further certify that the foregoing document is being served this day on the below identified Plaintiff via transmission of the Notices of Electronic Filing generated by CM/ECF, if authorized, and by email as addressed below:

Kenneth Grunfeld
KOPELOWITZ OSTROW, P.A.
65 Overhill Road
Bala Cynwyd, Pennsylvania 19004
Tel:  (215) 967-8799
grunfeld@kolawyers.com
*Attorneys for Plaintiff*

                                           */s/ Max E. Kaplan*
                                           Max E. Kaplan